### PREVOLOS et al. v. WESTERN UNION TELEGRAPH CO. (No. 6283.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1920. Rehearing Denied March 3, 1920.)

TELEGRAPHS AND TELEPHONES ⬩73(5)—DIRECTION OF VERDICT ON ISSUE OF DAMAGES FOR MENTAL SUFFERING ERRONEOUS.

Where husband, in leaving sick wife, promised to immediately return in case she telegraphed, and the wife, after sending a telegram: "Come home at once. Answer"—which was not delivered, became greatly disturbed and more seriously ill because of husband's failure to answer, and he not only answered a similar message, sent three days later by the wife's sister, but came at once, it was error to direct a verdict for the telegraph company.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by Mrs. H. Prevolos and husband against the Western Union Telegraph Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Henry E. Vernor, of San Antonio, for appellants.

Goeth, Webb & Goeth, of San Antonio, for appellee.

FLY, C. J. Appellants, Mrs. Prevolos and her husband, Harry Prevolos, sued appellee to recover damages in the sum of $951.60, for failure to deliver a telegram sent by Mrs. Prevolos, at San Antonio, to Harry Prevolos, at Hagerstown, Md., on April 30, 1918. This was the telegram: "Come home at once. Answer." The message was not delivered, and another was sent on May 3d by the sister of Mrs. Prevolos, saying: "Wife seriously sick. Come. Answer immediately." In answer to that telegram, the husband came, after wiring that he would come. The court instructed a verdict for appellee.

At the time the first telegram was delivered to appellee, Harry Prevolos was in Hagerstown, Md., where he had gone to accept a position, leaving his wife in San Antonio,

Tex., living alone in their home, where she intended to remain. She was sick when her husband left her living alone in their house. In writing our former opinion, the fact that the telegram sent by Mrs. Prevolos demanded of her husband a reply was not given the consideration that should have been given it, nor that she had the right to indulge in the expectation that it would be answered, as he had promised her before he left that he would do. He did not answer, and the evidence shows that Mrs. Prevolos was very much disturbed, and suffered on account of not receiving an answer; that mental anguish was caused by the negligence of appellee in failing to deliver the message. That he would have answered can probably be inferred from the fact that he did answer the telegram afterwards sent by the wife's sister.

Arrangements had been made between appellants, before the husband left for Baltimore, that he would come at once in response to a telegram making a request for him to return. He not only answered the telegram from his wife's sister, but came at once in response thereto, and it is a reasonable presumption that he would have come in response to his wife's message, as he had promised he would. It is true that Mrs. Prevolos was indisposed when her husband left, but she grew worse, and, relying upon the promise of her husband that he would return in response to a telegram from her, she became greatly disturbed when no answer, which she had asked, was returned to her telegram. Appellee knew that she was expecting an answer, and yet no testimony was offered by appellee to show that the message ever left the San Antonio office, and it never reached Hagerstown, Md. The court erred in instructing a verdict for appellee.

The motion for rehearing is granted, our former judgment of affirmance set aside, our former opinion withdrawn, and the judgment of the trial court is reversed, and the cause remanded.